UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ISHALENA MOORE,<br><br>　　Plaintiff,<br><br>v.<br><br>PIONEER CREDIT RECOVERY, INC.,<br><br>　　Defendant. | Case No.<br><br><br><br>COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF<br><br>JURY TRIAL DEMANDED |

## PARTIES

1. Plaintiff, Ishalena Moore ("Ishalena"), is a natural person who resided in Chicago, Illinois, at all times relevant to this action.

2. Defendant, Pioneer Credit Recovery, Inc. ("PCR"), is a Delaware corporation that maintained its principal place of business in Arcade, New York, at all times relevant to this action.

## JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.

4. Pursuant to 28 U.S.C. § 1391(b), venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## STATEMENT OF FACTS

5. At all times relevant to this action, PCR collected consumer debts.

6. PCR regularly uses instrumentalities of interstate commerce and the mails to collect consumer debts owed or due or asserted to be owed or due another.

7. The principal source of PCR's revenue is debt collection.

8. PCR is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

9. As described, *infra*, PCR contacted Ishalena to collect a debt that was incurred primarily for personal, family, or household purposes.

10. This alleged obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

11. Ishalena is a "consumer" as defined by 15 U.S.C. § 1692a(3).

12. On or around January 23, 2018, Ishalena telephoned PCR to set up a payment plan for the debt.

13. During this conversation, PCR asked Ishalena if PCR was permitted to disclose information about Ishalena's account to any other individual.

14. In response, Ishalena told PCR she did not give PCR permission to disclose information to anyone about Ishalena's account.

15. Despite this information, on or around January 24, 2018, PCR telephoned Ishalena's cousin ("Cousin") in connection with the collection of Ishalena's debt.

16. During this communication, PCR told Cousin the call was regarding an account for Ishalena.

17. During this communication, PCR provided Cousin with a call back number for Ishalena.

18. At the time of this communication, PCR already had Ishalena's location information.

19. Subsequently, Cousin sent Ishalena a text message about PCR's call to Cousin.

20. Ishalena was extremely embarrassed about PCR's call to Cousin.

21. On or around January 26, 2018, Ishalena telephoned PCR and spoke with a supervisor ("Supervisor").

22. During this communication, Ishalena inquired as to why PCR called Cousin.

23. During this communication, Supervisor acknowledged PCR called Cousin.

24. During this communication, Supervisor apologized for PCR's call to Cousin.

25. PCR's call to Cousin caused Ishalena emotional distress in the form of frustration, annoyance, aggravation, and anxiety.

26. PCR's collection efforts also intruded upon Ishalena's privacy.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

27. Ishalena re-alleges and incorporates by reference Paragraphs 12 through 26 above as if fully set forth herein.

28. PCR violated 15 U.S.C. § 1692c(b) by communicating with a third party in connection with the collection of the debt without Ishalena's consent.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

29. Ishalena re-alleges and incorporates by reference Paragraphs 12 through 26 above as if fully set forth herein.

30. In order to establish a violation of Section 1692d of the FDCPA, a consumer need not prove intentional conduct by the debt collector. *See Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2nd Cir. 2010); *Horkey v. J.V.D.B. & Assocs., Inc.*, 333 F.3d 769, 774 (7th Cir. 2013) ("[Plaintiff] points to no evidence in the record regarding [Defendant's] intent, which is just as well, because intent is irrelevant" in a § 1692d claim).

31. "Instead, applying an objective standard, as measured by the 'least sophisticated consumer,' the consumer need only show that the likely effect of the debt collector's communication or conduct could be construed as harassment, oppression or abuse." *See Lee v. Credit Mgmt., LP*, 846 F. Supp. 2d 716, 721 (S.D. Tex. 2012).

32. The likely effect of PCR's debt collection efforts, as measured by the "least sophisticated consumer" standard, was "to harass, oppress, or abuse" Ishalena.

33. PCR violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Ishalena in connection with the collection of the debt.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

34. Ishalena re-alleges and incorporates by reference Paragraphs 12 through 26 above as if fully set forth herein.

35. PCR violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect the debt.

## JURY DEMAND

36. Ishalena demands a trial by jury.

## PRAYER FOR RELIEF

37. Ishalena prays for the following relief:

    a. Judgment against PCR for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

    b. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Date: January 23, 2019	By:	/s/ Jeffrey S. Hyslip
Jeffrey S. Hyslip, Esq.
HYSLIP & TAYLOR, LLC, LPA
3323 W. Diversey Avenue, Suite 5
Chicago, IL  60647
Phone: 312-380-6110
Fax: 312-361-3509
Email: jeffrey@lifetimedebtsolutions.com

*Attorney for Plaintiff*